IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01710-BNB

RONALD ROY HOODENPYLE, Trustee,
DARLA JEAN HOODENPYLE, and
THE HIGH CHAPARRAL HOLDING TRUST,

    Plaintiffs,

v.

EL PASO DISTRICT COURT, State of Colorado,
DETECTIVE KARL D. MAI # 98039, and
SHERIFF TERRY MAKETA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiffs Ronald Roy Hoodenpyle and Darla Jean Hoodenpyle initiated this action by submitting to the Court a *pro se* Petition for Mandamus on August 4, 2008. Subsequently on September 9, 2008, Plaintiffs filed a Petition and Complaint for Mandamus. In the original Petition, Mr. and Mrs. Hoodenpyle request that this Court direct the El Paso County District Court of the State of Colorado to respond in writing to a motion that they filed regarding property that was seized apparently from them pursuant to a search warrant. In the Petition and Complaint, Plaintiffs request that this Court compel Defendants to return their property.

The Court must construe the Petition for Mandamus and the Petition and Complaint for Mandamus liberally, because Plaintiffs are *pro se* litigants. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th

Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

This Court lacks jurisdiction under *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992), to grant the Petitions because "federal courts have no authority to issue a writ of mandamus to a state judge." Under the facts alleged by Plaintiffs the Court also finds no basis for recharacterizing the Petition as either an action arising under 42 U.S.C. § 1983 or as a request for habeas corpus relief. *Id.*

Furthermore, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). Pursuant to 28 U.S.C. § 1361, a federal district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." However, because Defendants are not officers or employees of the United States or any agency thereof, the Court does not have jurisdiction under § 1361 to compel them to respond to Plaintiff's motion. Moreover, Plaintiffs have remedies available to them in state court. Accordingly, it is

ORDERED that the Petition for Mandamus is denied and the action is dismissed.

DATED at Denver, Colorado, this 17 day of Sept. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01710-BNB

Ronald Roy Hoodenpyle
c/o 14255 Citation
Peyton, CO 80831

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk